UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADU TARAWALLY (A-094-563-896),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al.,<br>Respondents. | Case No. 1:26-cv-00619 TLN-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Amadu Tarawally (A-094-563-896), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his re-detention without a hearing and his continued detention violated his procedural and substantive due process rights under the Fifth Amendment, violates the Immigration and Nationality Act ("INA"). (Id. (claims two through four).) Petitioner also claims that his arrest violated the Fourth Amendment. (Id. (claim one).) For the following reasons, this Court recommends that the petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

(citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION[1]

On January 25, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On January 28, 2026, respondents filed an opposition to the motion for a temporary restraining order and petitioner filed his reply. (ECF Nos. 8, 9.) In the opposition, respondents argued that petitioner is an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) and therefore not entitled to a bond hearing. (ECF No. 8.) On January 30, 2026, the district court considered petitioner's motion for a temporary restraining order as a motion for preliminary injunction and granted the injunction. (ECF No. 10.) The district court concluded petitioner was likely to succeed on the merits of his procedural due process claim and the remaining Winter factors weighed in petitioner's favor. (See id.) In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice and a hearing. (Id.) In addition, the district court ordered that at any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have his counsel present. (Id.) The district court referred this action to the assigned magistrate judge for further proceedings.

[1] The factual and procedural background previously presented in the district judge's order is incorporated herein. (See ECF No. 10.)

(ECF No. 11.) Petitioner was released from ICE custody. (ECF No. 13.)

The Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition. (ECF No. 12.) The parties did not submit any additional briefing, and briefing is closed. (See Docket.)

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Therefore, respondents' argument that petitioner is an "applicant for admission" subject to § 1225(b)(2) fails.

Given Rodriguez Vazquez and where the record before the district court has not changed since the district court's ruling on the preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on finding that petitioner was subject to § 1226, not § 1225(b)(2) as respondents argued (claim four), and that respondents violated petitioner's Fifth Amendment procedural due process rights by re-detaining him and continuing to detain him without a hearing (claim three). See Rodriguez Vazquez, 183 F.4th 1160; ECF No. 10. Because the resolution of the statutory and procedural due process claims provide the relief requested, the Court need not reach the remaining claims.

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-arresting or re-detaining Petitioner Amadu Tarawally (A-094-563-896) absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral factfinder where respondents demonstrate by clear and convincing evidence that petitioner poses a danger to the community or a flight risk. At any such hearing, petitioner shall be allowed to have his counsel present. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C.

§ 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 8, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/tara.0619.26.frs