UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AMADU T.,[1]

Petitioner,

v.

CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al.,

Respondents.

No. 1:26-cv-00619-TLN-CSK

A# 094-563- 896

**ORDER**

Petitioner, an immigration detainee prisoner proceeding through counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 8, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 14.) Neither party filed objections to the findings and recommendations.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The Court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 14) are ADOPTED in full.
2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
3. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present.
4. The Clerk of Court shall enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 22, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE